KINGS COUNTY.—HON. W. L. LIVINGSTON, SURRO-
GATE.—June, 1882.

MATTER OF MALLOY.

*In the matter of the estate of* WILLIAM MALLOY, *deceased.*

Code Civ. Pro., § 2667, which originally required the penalty of an admin-
istrator's bond to be "not less than twice the value of the personal
property of which the decedent died possessed, and of the probable
amount to be recovered by reason of any right of action granted to an
executor or administrator by special provision of law,"—and which, as
amended in 1881, permits the Surrogate, in his discretion, if it appears to
be impracticable to give a bond sufficient to cover such *probable amount,*
"to accept modified security and issue letters limited to the prosecu-
tion of such action, but restraining the executor or administrator from
a compromise of the action and the enforcement of any judgment
recovered therein until the further order of the Surrogate on additional
further satisfactory security,"—confers upon the Surrogate no author-
ity to accept less security than double the value of the personal prop-
erty of the deceased, exclusive of such claim, or to issue letters limit-
ing in any way the administrator's authority over that property.

Where modified security has been accepted, the proper practice is to issue
letters in the usual form, adding a clause restraining the representa-
tive from compromising the claim or action, or enforcing any judg-
ment recovered therein, until the further order of the Surrogate, on ad-
ditional security.

And where it is desired to compromise such a claim or action, an appli-
cation should be made for an order revoking such restriction; and not
for additional, supplemental or other letters.

APPLICATION by John Malloy, administrator of dece-

dent's estate, for further letters of administration. The facts appear sufficiently in the opinion.

MORRIS & PEARSALL, *for the petition.*

THE SURROGATE.—Letters of administration were heretofore granted by this court to the petitioner, on the estate of William Malloy, whose death was claimed to have been caused by the negligence of others; but, as the administrator could not give a bond sufficient to ·cover the probable amount that would be awarded to him in an action to be brought to recover damages for said death, modified security was accepted by the Surrogate and the administrator was restrained by said letters from compromising the action or enforcing any judgment recovered therein until the further order of the Surrogate, on giving additional security (Code, § 2667).

The administrator now desires to compromise the said claim for two hundred and fifty dollars, and for that purpose asks that other letters of administration be issued to him. There is no authority in the Code for such practice. Section 2667, which provides for the acceptance of modified security and the restriction in such a case to be imposed on the executor or administrator, points out the manner in which the restriction is to be removed or modified; it is to be done by an order of the Surrogate, made on further security, and not by granting additional or supplemental letters.

This section, as originally enacted in 1880, required an administrator, before letters were issued to him, to execute a bond in a penalty fixed by the Surrogate, not less than twice the value of the personal property of which the decedent died possessed, *and of the probable amount*

*to be recovered by reason of any right of action granted to an executor or administrator by special provision of law.* This last provision was found to be so burdensome that the legislature, at its next session, amended the section by providing that, "where a right of action is granted to an executor or administrator by special provision of law, if it appears to be impracticable to give a bond sufficient to cover the probable amount to be recovered, the Surrogate may, in his discretion, accept modified security and issue letters limited to the prosecution of such action, but restraining the executor or administrator from a compromise of the action, and the enforcement of any judgment recovered therein, until the further order of the Surrogate on additional further satisfactory security."

It is clear from the context that the modification in the security, which this amendment authorizes, relates exclusively to the probable amount to be recovered by reason of the right of action referred to, and that the limitation on the authority conferred by the letters applies only to the said right of action and the claim connected with it. Without any limitation in the letters, the executor or administrator, after giving the modified security, might receive payment of the whole claim; his authority over said claim was, therefore, to be limited to prosecuting the action for its enforcement, until the further order of the Surrogate on additional satisfactory security. The section, as amended, does not authorize the Surrogate to accept less security than double the value of the personal property of the deceased, exclusive of the said claim, or to issue letters limited in any way as to the authority of the administrator over said property.

Any other construction of the amendment would impose a greater hardship upon the creditors, next of kin and legatees of deceased persons than the evil which it was intended to remedy, by preventing the executor or administrator from doing anything at all towards administering the estate, except prosecuting the action, until its final determination.

The proper practice then, where modified security is accepted, is to issue letters in the usual form, adding a clause restraining the executor or administrator from compromising the claim or action, or enforcing any judgment recovered therein, until the further order of the Surrogate on additional further satisfactory security. This restriction does not in any way interfere with the authority of the executor or administrator over the other assets of the deceased; he can go on and exercise his authority over them, as if no limitation had been inserted in the letters. If it is desired to compromise the action, or to enforce any judgment recovered therein, a verified petition should be presented to the Surrogate, setting forth the restriction contained in the letters, stating the additional amount which is about to come into the hands of the executor or administrator by reason of the proposed compromise, or the enforcement of the judgment, and asking that an order may be made, on giving additional satisfactory security, revoking the restriction imposed on the executor or administrator in the letters, so as to leave him free to compromise the claim or to enforce the judgment for the amount stated.

The application for letters of administration is denied.